UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL HEATLY,

      Petitioner,

v.                          Case No. 8:08-cv-1777-T-23EAJ

SECRETARY, Department of Corrections,

      Respondent.

_____/

## **O R D E R**

Heatly petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for felony battery and criminal mischief, for which he serves five years.[1]  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 12)  The respondent admits the petition's timeliness.  (Response at 3 Doc. 12)

## **FACTS**[2]

St. Petersburg police officers arrived at the scene of a domestic dispute between Heatly and his girlfriend.  Witnesses reported that they saw Heatly strike the victim several times.  The police officers observed the victim's bleeding face and heard Heatly cursing at her.  Heatly violently resisted arrest by "biting, kicking, and hitting" the police officers.  While resisting placement into the patrol car, Heatly kicked a female officer in

---

[1]  A jury was unable to reach a verdict on two charges of battery on a law enforcement officer.

[2]  This summary of the facts derives from Heatly's brief on direct appeal (Respondent's Exhibit 2) and the trial record.

the jaw.  After the officers succeeded in closing the door, Heatly's continued kicking bent

the window frame.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs

this proceeding.  Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998),

cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential

standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted

this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.  Under
> § 2254(d)(1), the writ may issue only if one of the following two conditions is
> satisfied--the state-court adjudication resulted in a decision that (1) "was
> contrary to . . . clearly established Federal Law, as determined by the
> Supreme Court of the United States," or (2) "involved an unreasonable
> application of . . . clearly established Federal law, as determined by the
> Supreme Court of the United States."  Under the "contrary to" clause, a
> federal habeas court may grant the writ if the state court arrives at a
> conclusion opposite to that reached by this Court on a question of law or if
> the state court decides a case differently than this Court has on a set of
> materially indistinguishable facts.  Under the "unreasonable application"
> clause, a federal habeas court may grant the writ if the state court identifies

the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. at 694.  See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").  The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case.  "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693  (2002). Federal courts must afford due deference to a state court's decision.  "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, _____ U.S. _____, 130 S. Ct. 1855, 1866 (2010).

In a per curiam decision without a written opinion the state appellate court affirmed Heatly's convictions and sentences on direct appeal.  (Respondent's Exhibit 10) Similarly, in another per curiam decision without a written opinion the state appellate court denied Heatly's claims of ineffective assistance of appellate counsel in a petition for the writ of habeas corpus.  (Respondent's Exhibit 26)  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary

- 3 -

nature of a state court's decision does not lessen the deference that it is due." <u>Wright v. Moore</u>, 278 F.3d 1245, 1254 (11th Cir.), <u>reh'g</u> and <u>reh'g en banc denied</u>, 278 F.3d 1245 (2002), <u>cert. denied sub nom Wright v. Crosby</u>, 538 U.S. 906 (2003).

Heatly bears the burden of overcoming by clear and convincing evidence a state court factual determination.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  <u>Parker v. Head</u>, 244 F.3d 831, 836 (11th Cir.), <u>cert. denied</u>, 534 U.S. 1046 (2001).

### INEFFECTIVE ASSISTANCE OF COUNSEL

Heatly presents two claims of ineffective assistance of appellate counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1511 (11th Cir. 1995) (<u>en banc</u>) (<u>quoting Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994)).  <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to <u>Strickland</u>, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to

deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Heatly must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Heatly must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

- 5 -

"In determining "reasonableness," a federal petition for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its Strickland inquiry" and not independently assess whether counsel's actions were reasonable.  Putnam v. Head, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002).

## DISCUSSION

Heatly alleges that appellate counsel rendered ineffective assistance by omitting from the direct appeal two allegations of trial court error, specifically (1) the court's denying a continuance to allow the defense to depose the victim and (2) the court's comparing signatures and determining each was Heatly's signature.  Heatly raised these claims not only in a petition for the writ of habeas corpus alleging ineffective assistance of appellate counsel, but also on direct appeal.  Heatly moved to dismiss appellate counsel's initial brief on direct appeal specifically because counsel failed to assert these two issues.  (Respondent's Exhibit 4a)  In response to the appellate court's order (Respondent's Exhibit 6), appellate counsel represented that he rejected asserting these two issues because the record supported neither issue.  (Respondent's Exhibit 7)  The appellate court rejected Heatly's motion to dismiss to dismiss.  (Respondent's Exhibit 8)

Strickland's deficient performance prong is not met simply because appellate counsel fails to raise a particular issue on appeal.  Counsel need not raise every nonfrivolous issue on appeal.  Jones v. Barnes, 463 U.S. 745 (1983).  See also Smith v. Robbins, 528 U.S. 259, 288 (2000) ("Notwithstanding Barnes, it is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent [because] . . . 'only when ignored issues are

clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'") (quoting <u>Gray v. Greer</u>, 800 F.2d 644, 646 (7th Cir. 1986)).  An appellate advocate provides effective assistance by "winnowing out" a weaker claim and focusing on a stronger claim:

> It is difficult to win a <u>Strickland</u> claim on the grounds that appellate counsel pressed the wrong legal arguments where the arguments actually pursued were reasonable in the circumstances.  We have emphasized that even in a death penalty case, counsel must be "highly selective about the issues to be argued on appeal . . . ." <u>United States v. Battle</u>, 163 F.3d 1, 1 (11th Cir. 1998).  The district court, having considered the record and [appellate counsel]'s testimony during the state post-conviction proceeding, found that [appellate counsel] had carefully considered many of the claims now raised in appeal, but ultimately chose to pursue the claims he felt were most likely to prevail and winnow out the arguments he thought were less persuasive.

<u>Johnson v. Alabama</u>, 256 F.3d 1156, 1188 (11th Cir. 2001), <u>cert. denied</u>, 535 U.S. 926 (2002).  To summarize, deficient performance is not established merely because appellate counsel fails to raise every conceivable issue.  Heatly's appellate counsel intentionally excluded asserting these two issues.  As a consequence, no omission occurred.  Heatly fails to show that the state court's rejection of his claim of ineffective assistance of counsel was an unreasonable application of <u>Strickland</u>.

Accordingly, Heatly's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Heatly and close this case.

ORDERED in Tampa, Florida, on April 6, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE